

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 28 1999
NANCY DOHERTY, CLERK
BY_____ Deputy

**ORIGINAL**

| | |
|---|---|
| SENTRY INSURANCE COMPANY, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. |
| v. § | **3-99CV1232-X** |
| § | |
| GREENLEAF SOFTWARE, INC. § | |
| § | |
| Defendant. § | |

### ORIGINAL COMPLAINT

Sentry Insurance Company, for its causes of action against Defendant alleges as follows:

### PARTIES

1. Plaintiff Sentry Insurance Company ("Sentry") is a corporation incorporated under the laws of Wisconsin and is authorized to do business in Texas.

2. Defendant Greenleaf Software, Inc. ("Greenleaf") is a corporation incorporated under the laws of Texas and has its principal place of business in Plano, Texas.

3. Defendant Greenleaf may be served pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure.

### JURISDICTION

4. This action is brought pursuant to Federal Rule of Civil Procedure 57 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, as amended, and presents a case of actual, present and substantial controversy within the jurisdiction of this Court.

5249511.1

5. Jurisdiction of this Court is based upon 28 U.S.C. § 1332, as a controversy involving citizens of different states and an amount in controversy, exclusive of interest and cost, in excess of $75,000.

## VENUE

6. Venue is proper in the Northern District of Texas, Dallas Division pursuant to 28 U.S.C. § 1391, because the claims asserted arose and occurred, in whole or in substantial part, in Dallas.

## BACKGROUND FACTS

7. Sentry brings this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, as amended, seeking interpretation and declaration by this Court of a contract of insurance between Sentry and Greenleaf.

8. This declaratory judgment action has become necessary because of demands made upon Sentry by Greenleaf to indemnify Greenleaf for its defense costs and the amount it paid in settlement of a lawsuit styled Frontline Test Equipment v. Greenleaf Software, Inc. and filed in the United States District Court for the Western District of Virginia, Charlottesville Division, Cause No. 97-0139-C.

9. In the underlying case, Frontline Equipment, Inc. ("Frontline") alleged that Greenleaf breached its licensing agreement with Frontline by creating and distributing a derivative of a Frontline product without Frontline's permission. As a result of that case and its settlement thereof, Greenleaf has demanded indemnity (for its defense costs and the amount it paid in settlement) under commercial general liability policy no. 44-74736-01 ("the policy"), which Sentry issued to Greenleaf as the named insured.

10.  However, the policy contains a professional liability exclusion which operates to exclude coverage for the allegations made against Greenleaf in the underlying case. In addition, there may be evidence that the conduct complained of by Frontline in the underlying case may have taken place outside the policy period and that Greenleaf provided late notice to Sentry of the claims against it. For these reasons, Sentry had no duty to defend Greenleaf in the underlying case and has no duty to indemnify Greenleaf for any amount it paid in settlement of the underlying case.

## DECLARATORY JUDGMENT

### COUNT ONE

11.  The allegations contained in paragraphs 1 through 10 are incorporated herein by reference as if set forth fully at length.

12.  Pursuant to the Declaratory Judgment Act, Sentry states that an actual justiciable controversy exists between Sentry and Greenleaf with regard to the question of coverage under the policy issued by Sentry. Therefore, Sentry invokes the Declaratory Judgment Act to have this Court interpret and construe the policy at issue in light of all relevant circumstances. Sentry seeks a declaratory judgment that the policy at issue does not provide coverage for the allegations made against Greenleaf in the above-described case.

### COUNT TWO

13.  Sentry seeks further to recover its reasonable and necessary attorneys' fees, expenses and costs pursuant to 28 U.S.C. § 2201.

### JURY DEMAND

14.  Sentry demands a trial by jury on its claims and causes of action.

## **PRAYER**

Wherefore, Sentry prays that upon hearing and trial, the Court grant Sentry the following relief:

(a) A judgment in favor of Sentry against Greenleaf declaring that:

(1) There is no coverage under the policy at issue and that Sentry thus has no duty to pay Greenleaf's defense costs or indemnify Greenleaf for any amount it paid in settlement of the above-described lawsuit;

(2) Sentry recover its reasonable and necessary attorneys' fees, expenses and costs pursuant to 28 U.S.C. § 2201.

(b) A judgment for such other and further relief, both general and special, at law or in equity, as Sentry may show itself justly entitled.

Respectfully submitted,

_____
Charles W. Hurd
Federal I.D. No. 6225
State Bar No. 10306500
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713/651-5151
Telecopier: 713/651-5246

Judith A. Schening
State Bar No. 17737500
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: 214/855-8000
Telecopier: 214/855-8200

Counsel for Plaintiff
Sentry Insurance Company


OF COUNSEL:
FULBRIGHT & JAWORSKI L.L.P.


## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rules 4(h)(1) of the Federal Rules of Civil Procedure on ___June 1___, 1999.

_____
Charles W. Hurd